UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FILED**

JUL 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CARRIE SHELLHAMMER,**

Plaintiff,

C 07-5586 SI

v.                                    Case No. 8:07-CV-2365-T-30TBM

**ROCHE LABORATORIES, INC., et al.,**

Defendants.
_____/

## ORDER OF REMAND

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 22), Defendants Hoffmann-La Roche, Inc., and Roche Laboratories, Inc.'s Motion for Limited Discovery (Dkt. 24), Plaintiff's response in opposition thereto (Dkt. 28), and Defendants Hoffmann-La Roche, Inc., and Roche Laboratories, Inc.'s Motion to Continue Plaintiff's Motion to Remand (Dkt. 29). Having considered the parties' motions, applicable statutes, and controlling case law, and being otherwise advised in the premises, the Court finds that because there is a possibility that Plaintiff may prevail on her claims against the Defendants in state court, Plaintiff's motion to remand should be granted.

### Background

This is a products liability case involving the drug Accutane, a prescription pharmaceutical used in the treatment of "severe recalcitrant nodular" acne. According to Plaintiff, ingesting Accutane caused her to suffer with pulmonary hypertension.

Plaintiff commenced this action on June 22, 2007, by filing an eleven-count complaint for damages in the Superior Court of California in and for the County of San Francisco identifying in the caption of the complaint Merck & Company, Inc., Roche Laboratories, Inc., Hoffmann-La Roche, Inc., Doe California Pharmaceutical Companies, and Doe Pharmacies as defendants (Dkt. 3 at 1). See Shellhammer v. Merck & Co., Inc., Case No. CGC-07-464555 (Cal. Super. Ct. 2007). In the text of her complaint, however, Plaintiff identified Roche Laboratories, Inc., Hoffman LaRoche, Inc. (hereinafter, collectively, "Roche"), McKesson HBOC, and McKesson Corporation ("McKesson") as defendants. Plaintiff asserts the following state law claims: (1) strict liability for failure to warn; (2) products liability; (3) negligence; (4) negligent misrepresentation; (5) misrepresentation; (6) express warranty; (7) implied warranty, and (8) violations of the California Business & Professions Code (Dkt. 3).

Realizing that Merck was mistakenly included as a defendant in the caption of the case, Plaintiff's counsel filed a notice of dismissal of the complaint, with prejudice, as to Merck on October 19, 2007. Roche filed its answer to the complaint on October 31, 2007. Shortly thereafter, Roche filed a timely notice of removal to the United States District Court, Northern District of California, based on the district court's diversity jurisdiction. See Shellhammer v. Merck, Case No. 3:07-5586 (N.D. Cal. 2007); see also 28 U.S.C. §§ 1332

and 1441(a). According to the state court docket,[1] four days after Roche filed the notice of removal, Plaintiff sought leave to amend her complaint to substitute McKesson for Doe California Pharmaceutical Companies 1 under California's fictitious name statute.[2] Nothing in the record indicates whether the state court ruled on said motion.[3]

Although the injury Plaintiff asserts in her complaint has not, to the knowledge of this Court or counsel for Roche, been raised by any other Accutane user, see Dkt. 30 at 4-5, shortly after effecting removal, Roche provided the Joint Panel on Multidistrict Litigation ("JPML") notice of this action pursuant to the procedure for "tag along" actions set forth in the rules governing JPML proceedings.[4] See In re Accutane Products Liability Litigation, 343 F.Supp.2d 1382, 1383 (Jud.Pan.Mult.Lit. 2004). A stay of the proceedings and conditional transfer order was entered on November 9, 2007, indicating that, absent objection, the JPML intended to transfer this matter to this Court to go forward as part of the centralized litigation of cases asserting injury as a result of ingesting Accutane. See In re:

---

[1] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Superior Court of California, County of San Francisco, http://webaccess.sftc.org, viewed June 12, 2008. See Shellhammer v. Merck & Co., Inc., Case No. CGC-07-464555 (Cal. Super. Ct. 2007); see also Fed. R. Evid. 201(c) (2008).

[2] See Cal. C. Civ. Proc. § 474 (2008) ("When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."). This statute is clearly inapplicable here because Plaintiff discovered McKesson's identity before she filed her complaint, as evidenced by the inclusion of McKesson as a named defendant in the original complaint.

[3] See 28 U.S.C. § 1446(d) ("Promptly after the filing of . . . notice of removal of a civil action the defendant or defendants . . . shall file a copy of the notice with the clerk of the State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

[4] As defined in Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, "[a] 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." 199 F.R.D. 425, 435-36 (2001). See also Rules 7.4 (discussing conditional transfer orders for "tag-along" actions) and 7.5 (miscellaneous provisions concerning "tag-along" actions), R.P.J.P.M.L. (2001).

Page 3 of 12

Accutane Products Liability Litigation, Case No. 8:04-MD-2523-T-30TBM (M.D. Fla. 2004).

Plaintiff moved the district court to remand the case on November 13, 2007, and filed proof of service on McKesson in state court on November 15, 2007. When Roche moved the district court to stay the proceedings on November 21, 2007, it scheduled a hearing for February 1, 2008, on both Plaintiff's motion to remand and Roche's motion to stay.

Plaintiff filed a notice of opposition to the proposed MDL transfer, but she failed to file the required motion to vacate the conditional transfer order. The matter was transferred to this district on December 13, 2007.[5] McKesson filed its answer to the complaint in state court on January 16, 2008.

Following transfer of this matter to this Court, Plaintiff filed a motion to amend her complaint by substituting McKesson for Merck, which was mistakenly named in the complaint instead of McKesson. During a hearing on April 24, 2008, Plaintiff's counsel informed the Court that the attorney who drafted the complaint mistakenly substituted Merck for McKesson, see Dkt. 30 at 6.[6] As stated above, in identifying the defendants in the body

---

[5]The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in § 1407 proceedings. Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand. See In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (Jud.Pan.Mult.Lit. 2001); In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 n.1 (Jud.Pan.Mult.Lit. 1973) (citing 28 U.S.C. § 1407). Motions to remand can be presented to and decided by the transferee judge. See e.g., In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (panel has jurisdiction to transfer case even though jurisdictional objection is pending); In re New England Mutual Life Insurance Company Sales Practices Litigation, 324 F.Supp.2d 288, 291 (D. Mass. 2004) (an MDL transferee court may remand a tag-along case to state court); In re Professional Hockey Antitrust Litigation, 369 F.Supp 1117, 1118 (Jud.Pan.Mult.Lit. 1974) (same).

[6]Notably, in their notice of removal, Roche acknowledges that "[t]he complaint contains several apparent pleading errors – to wit, Merck was named as a defendant despite the fact that they do not manufacture or distribute Accutane;. . . and McKesson is referenced [as a defendant] in [paragraphs 16 and 17] of the . . . Complaint despite not
(continued...)

of the original complaint, Plaintiff named Roche, the fictitious defendants, and both McKesson HBOC and McKesson Corporation, without any reference to Merck (Dkt. 13 ¶¶ 16-17). After hearing argument by the parties on Plaintiff's motion to amend, the Court found Plaintiff's argument credible (Dkt. 13).

Plaintiff filed her First Amended Complaint on May 12, 2008, substituting McKesson for Merck. Plaintiff then filed a motion to remand this matter to state court for lack of complete diversity (Dkt. 22). Roche filed a motion for limited discovery of Plaintiff's medical records on May 30, 2008 (Dkt. 24), and a motion on June 11, 2008, requesting that the Court delay consideration of Plaintiff's motion to remand until Roche had an opportunity to review Plaintiff's medical records (Dkt. 29).

## Standard of Review

Removal statutes are construed narrowly with uncertainties resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, see 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted). On a motion to remand, the removing party has the burden of establishing that the federal court has jurisdiction over the matter. Diaz, 139 F.3d at 1505.

---

[6](...continued)
being named as a defendant in the title of the Complaint." Dkt. 2 ¶ 7.

For a federal court to have original jurisdiction over a case alleging only state law claims, as here, there must be complete diversity and a threshold amount in controversy of $75,000.00.[7] 28 U.S.C. §1332(a). The fraudulent joinder doctrine[8] provides an exception to the citizenship requirement of removal jurisdiction. Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003). A plaintiff cannot defeat removal by joining a nondiverse defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, then the defendant's joinder is deemed fraudulent and is ignored for purposes of the diversity requirements." Aronis v. Merck & Co., 2005 WL 5518485, *1 (E.D. Cal) (citing Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)); see also Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp. 2d 1228, 1231 (M.D. Ala. 2004) (quoting Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)). Finally, "[f]or purposes of removal under [§ 1441], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## Discussion

This case came before this Court as part of the centralized litigation of cases asserting injury as a result of ingesting Accutane. See In re Accutane Products Liability Litigation, 343

---

[7] The parties do not dispute that this case meets the threshold amount in controversy.

[8] The "fraudulent joinder doctrine" does not always deal with an actual fraud and does not necessarily impugn the integrity of plaintiff or her counsel; instead, it is a judicially created doctrine that provides an exception to the removal requirement of complete diversity in certain circumstances, as discussed *infra*. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)

F.Supp.2d 1382, 1383 (Jud.Pan.Mult.Lit. 2004). Plaintiff contends that since McKesson, a Delaware corporation, maintains its principal place of business in San Francisco, California, see Dkt. 26 ¶ 6, and Plaintiff is a California resident, this matter should be remanded for lack of diversity (Dkt. 22). Roche, on the other hand, opposes Plaintiff's motion to remand, asserting that McKesson is not a proper party to the state court litigation or, in the alternative, McKesson is fraudulently joined (Dkt. 29).

As discussed above, having heard oral argument on this issue, the Court found Roche's assertion that McKesson is not a proper party to these proceedings unconvincing. McKesson was sufficiently identified in the original complaint as a defendant in these proceedings before removal to federal court.

As to Roche's fraudulent joinder argument, the Eleventh Circuit recently cautioned that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings *at the time of removal*, supplemented by any affidavits and deposition transcripts submitted by the parties." Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (emphasis added) (quoting Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)). The appropriate proceeding for resolving a claim of fraudulent joinder is similar to that used for ruling on a Rule 56(b) motion for summary judgment, see Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted), with all questions of fact and all ambiguities in the controlling state law resolved in favor of the non-moving party, see Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Finally, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or

technically defective pleading must be resolved in favor of remand to state court. See Plute v. Roadway Package Sys., Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001)

A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Henderson v. Washington National Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). In this case, Roche does not allege that Plaintiff has fraudulently pled facts; instead, Roche claims that "McKesson is fraudulently joined *if* there is no reasonable possibility Plaintiff can establish a cause of action against it. . . . *if*, for example, it did not distribute the Accutane dispensed to Plaintiff" (Dkt. 29 at 5 (emphasis added)). To successfully meet the challenge of a motion to remand on the grounds of fraudulent joinder, the defendant must make such a showing by clear and convincing evidence. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).[9]

On a motion for remand, the federal court's analysis "must be limited to determining whether Plaintiffs have even an *arguable* claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1298-99 (11th Cir. 2007) (citation omitted). If there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary. Id. at 1299 (citations omitted).

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

In support of its motion for limited discovery and request to continue consideration of Plaintiff's motion to remand, Roche contends that it is possible that the Accutane Plaintiff ingested was distributed by one of a number of distributors other than McKesson that it has used in California since 1992, none of which, according to Roche, appears to be a California citizen. As stated above, a defendant opposing remand on the basis of fraudulent joinder must establish by clear and convincing evidence that there is no possibility the plaintiff can establish a cause of action against the resident defendant. Henderson, 454 F.3d at 1281. Roche has failed to meet this burden. Roche's speculation regarding the distribution channel hardly rises to the level of "clear and convincing evidence" of fraudulent joinder.

The Court concludes that Roche has failed to demonstrate that there is not a possibility that California law might impose liability on McKesson under the circumstances alleged in the complaint. See, e.g., Maher v. Novartis Pharmaceuticals Corp., 2007 WL 2330713, *3-*4 (S.D. Cal.) (granting plaintiff's motion to remand, the district court cited numerous federal district court and California state court decisions that supported its conclusion that the distributor defendants were not fraudulently joined because a distributor could possibly be liable for failure to warn in prescription drug cases under California law); Martin v. Merck & Co., Inc., 2005 WL 1984483, *4 (E.D. Cal.) ("[T]he established general rule in California is that drug distributors may be strictly liable under a failure to warn theory"); Anderson v. Owens-Corning Fiberglas Corp., 810 P.2d 549, 553 (Cal. 1991) (the doctrine of strict liability extends to distributors of defective products as well as manufacturers) (citing Vandermark v. Ford Motor Co., 391 P.2d 168, 172 (Cal. 1964)). See also Leeson v. Merck & Co., Inc.,

2006 WL 3230047, *3-*4 (E.D. Cal.) (recognizing that there is a split in authority on distributor liability under California law (citations omitted)).

As Roche points out, the California Supreme Court has recognized an exception in strict liability for pharmacists in prescription drug cases, see Murphy v. E.R. Squibb & Son, Inc., 710 P.2d 247, 252 (1985) ("[E]ven though a pharmacist is paid for the medication he dispenses, his conduct in filling a prescription is to be deemed a service, and . . . a pharmacy is immune from strict liability."), but this Court has been unable to find, nor does Roche cite, a case under California law "that makes an exception to the doctrine of strict liability for distributors in an industry analogous to the prescription pharmaceutical industry." See Maher v. v. Novartis Pharmaceuticals Corp. 2007 WL 2330713, at *3-*4 (refusing to "be the first to make such an exception at the pleading stage") (citation omitted).

Turning to Roche's request for discovery on the issue of causation, it is well-established that fraudulent joinder determinations must not subsume substantive determinations. See Crowe, 113 F3d at 1538. The Court finds Plaintiff's argument that at this stage of these proceedings, Defendant Roche's request that Plaintiff substantiate the causal connection between Defendant McKesson and Plaintiff's injuries is premature, at best (Dkt. 28 at 5-6).

Roche's reliance on Aronis v. Merck,[10] a recent Eastern District of California Vioxx decision, as support for its position is misplaced. The Aronis court found that McKesson was fraudulently joined based on a deficiency in the complaint, to wit, the complaint did not state

---

[10] 2005 WL 5518485, * (E.D. Cal. 2005).

a claim against the distributor under California law because plaintiff failed to allege "that McKesson . . . handled the *specific* pills that were allegedly the cause of her injuries." 2005 WL 5518485, at *1 (emphasis added).  Here, Plaintiff sets out the allegedly offending conduct and asserts that said conduct caused her to suffer the "injuries and damages as alleged herein." Dkt. 3 ¶¶ 33; 37; 41; 47; 52; 56; 61; 68; and 88. When considered in light of Fed. R. Civ. P. 8(a) notice pleading standard, the Court concludes that Plaintiff's complaint does not suffer from the legal infirmity that led the Adonis court to conclude that McKesson was fraudulently joined in that case.

Roche also relies on the Fifth Circuit's decision in Guillory v. PPG Industries, Inc., 434 F.3d 303, 311 (5th Cir. 2005), in support of its assertion that McKesson is fraudulently joined. As the Guillory court noted, denial of a motion to remand is proper where the district court determines that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. As the Eleventh Circuit cautioned in Crowe v. Coleman, however, "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." 113 F.3d 1536, 1538 (11th Cir. 1997). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. In the instant case, given the unsettled state of the law in California regarding distributor liability, this Court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in the complaint.

Page 11 of 12

See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The Court is thus precluded from finding that joinder of McKesson as a defendant was fraudulent. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court" (citation omitted)). Remand is, therefore, necessary.

It is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Remand (Dkt. 22) is **GRANTED**. The **Clerk** of this Court is directed to **remand** this case to the Superior Court of California, County of San Francisco. The **Clerk** is also directed to forward a certified copy of this Order to that Court.

2. The **Clerk** is further directed to terminate any pending motions as moot and **CLOSE** this file.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cv-2365 Remand II.wpd